IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMERON C. MCCARY, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. No. 21-667-RGA |
| JOHN DOE POLICE OFFICER, et al., | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

At Wilmington, this 14th day of June, 2021, having considered Plaintiff S.M.'s motion for leave to proceed *in forma pauperis* (D.I. 14);

1. Four Plaintiffs commenced this action on May 7, 2021. (D.I. 3). The original complaint is only signed by Plaintiff Cameron C. McCary, who is incarcerated at James T. Vaughn Correctional Center in Smyrna, Delaware. (*Id*.). The other three Plaintiffs are not incarcerated. A duplicate complaint, filed June 11, 2021, is signed only by Cameron C. McCary. (D.I. 11).

2. On May 12, 2021, the Court ordered the three Plaintiffs who are not incarcerated, Venus McCary, Matthew McCary, and S.M. to submit motions for leave to proceed in forma pauperis. (D.I. 5). S.M.'s motion for leave to proceed *in forma pauperis* indicates that S.M. is a minor. (D.I. 14 at 5).

3. In reading the Complaint, it is evident that S.M. is a sibling of Cameron C. McCary. (D.I. 3 at 6). S.M. is not a proper plaintiff. S.M. is a minor under the age of 18 and does not have the capacity to sue. *See* Fed. R. Civ. P. 17(b) ("Capacity to sue

1

or be sued is determined as follows: . . . for an individual who is not acting in a representative capacity, by the law of the individual's domicile . . ."); 6 Del. C. § 2705 (Any person who has attained 18 years of age shall have full capacity to contract; provided such person has not been declared legally incompetent to contract for reasons other than age); Del. Super. Ct. R. 17(c) ("An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem").   In addition, S.M., like Venus McCary and Matthew McCary, did not sign the complaint as required by Federal Rule of Civil Procedure 11.   See Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented. . . . "The court must strike an unsigned paper unless the omission is promptly corrected . . . .").   S.M. does not appear by a next friend or a guardian ad litem.

    4.    In order for S.M. to continue as a Plaintiff, S.M. either needs an attorney to enter an appearance as counsel in this case, or Cameron C. McCary must seek a guardian ad litem (who must be an attorney) for S.M.

    5.    Finally, Plaintiff is not an attorney.   He cannot represent S.M., Venus McCary or Matthew McCary.   As a non-attorney, Cameron C. McCary may not act as an attorney for other individuals and may only represent himself in this court.   See 28 U.S.C. § 1654; see also In the Matter of Chojecki, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000) (citing United States v. Stepard, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("Although a non-attorney may appear in propria persona on his own behalf, that

privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").

IT IS HEREBY ORDERED that:

1. Plaintiffs Venus McCary and Matthew McCary shall file a signed copy of the Complaint on or before **July 14, 2021**.   Venus McCary and Matthew McCary will be dismissed as Plaintiffs should they fail to timely file a complaint signed by each of them.

2. S.M.'s motion for leave to proceed *in forma pauperis* (D.I. 14) is **DISMISSED** as moot.

3. On or before **July 14, 2021**, Cameron C. McCrary shall seek counsel/guardian ad litem to represent the interests of S.M.   The failure to do so will results in S.M.'s dismissal from the case.

    /s/ Richard G. Andrews  
UNITED STATES DISTRICT JUDGE