IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMERON C. MCCARY, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1: 21-cv-00667-TLA |
| B. CUNNINGHAM, ET AL., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

On May 9, 2019, officers with the New Castle County Police Division (NCCPD) allegedly raided the McCary family's home and ransacked it, all while detaining three members of the family (including a teenager) for more than five hours. Believing this search violated the Fourth Amendment and that the officers committed a range of tort offenses, the family sued in this Court. The Defendants now move to dismiss the complaint.

For the reasons below, I will dismiss the NCCPD as a defendant. I also will dismiss Counts IV, V, and VI, as the McCarys have not presented sufficient factual allegations to overcome the immunity Delaware's County and Municipal Tort Claims Act, 10 *Del. C.* § 4011, grants to county employees.[1] I will grant the McCarys leave to amend those counts. All other requests to dismiss are denied.

---

[1] Intentional infliction of emotional distress is the sixth count (and will be referred to as Count VI) even though the amended complaint mistakenly labels it as Count VII.

1

## I. BACKGROUND[2]

Matthew McCary was in bed when Officers Cunningham and Simonetti raided his home in Bear, Delaware, at 5:30 a.m. on May 9, 2019. Am. Compl. (Doc. 26) ¶¶ 12, 14, 34. They "dragged" him out, "slammed" him to the floor, and applied zip-ties. *Id.* ¶ 34. S.M., a minor, was coming out of the shower when the officers found her. *Id.* ¶ 15. They drew their guns, handcuffed her naked, and detained her in the living room. *Id.* ¶¶ 15–17. Venus McCary, also in the house that morning, was "handcuffed" and "violently dragged [] by her arms outside." *Id.* ¶ 18. All three were held at gunpoint, without food or drink, for more than five hours while the police searched the home. *Id.* ¶¶ 17, 20, 24, 37.

The officers, it seems, suspected another resident of the McCarys' home, Cameron, of a drug offense. *Id.* ¶¶ 13, 22–23. They ordered Venus to "tell them where the alleged drugs were or they would shoot her son" and accused her of selling drugs herself. *Id.* ¶¶ 22–23. Though their search turned up empty, the police tore the house apart looking, apparently destroying much of its contents. *Id.* ¶¶ 29–30, 33.

The McCarys have sued over this incident. Though they at first filed a *pro se* complaint, they obtained counsel and filed an amended complaint in September 2021. Doc. 26. The Defendants now move to dismiss. Doc. 41.

---

[2] This section recites the factual allegations from the amended complaint that, to decide this motion to dismiss, I must accept as true. *Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010).

## II.     DISCUSSION[3]

**A. New Castle County and New Castle County Police Division**

Fundamental to deciding the motion to dismiss is determining who in fact the Defendants are. When the McCarys filed their amended complaint, what looks like a typographical error injected confusion into this suit. The complaint's caption listed four defendants: Officer B. Cunningham, Officer M. Simonetti, John Doe Police Officers, and the New Castle County Police Department. Am. Compl. at 1. But the body of the complaint lists New Castle County, "a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of Delaware," rather than the police division as a defendant. *Id* ¶ 5. It goes on repeatedly to reference the County, rather than the NCCPD, as a defendant throughout the recitation of the facts and counts.[4] *See id.* ¶¶ 6–7, 42, 45–48, 62. So which one is the defendant, New Castle County or the NCCPD?

From a legal standpoint, it has to be the County. The parties agree that the NCCPD is not a suable entity under Delaware law.[5] See Defs.' Br. at 8; Pls.' Opp'n at 7. Yet the Defendants insist the County has not been named a party properly under Federal Rule of Civil Procedure 10(a). This rule, after all, requires the complaint's title to "name all the parties," Fed. R. Civ. P. 10(a), and New Castle County isn't listed there.

---

[3] The McCarys' amended complaint alleges constitutional violations under 42 U.S.C. § 1983, so this Court has jurisdiction over those claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the tort claims under 28 U.S.C. § 1367(a).
[4] Though the complaint references the "New Castle County Police" and the "police department," the body of the complaint never identifies it as a defendant. *See* Am. Compl. ¶¶ 14, 42, 45–46, 48.
[5] I will thus dismiss NCCPD from this case.

3

The caption, though, "is not determinative as to the identity of the parties to the action." *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321 (4th ed. 2018). Instead, most federal courts of appeals have taken a more nuanced approach to deciphering who is a party. Even if not named in the caption, a party may still be properly before the court "if the allegations in the body of the complaint make . . . plain [it] is intended as a defendant." *See Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (same); *Kanuszewski v. Mich. Dept. of Health & Hum. Servs.*, 927 F.3d 396, 406 n.4 (6th Cir. 2019) (holding parents of plaintiff minor children may assert their own rights because "the Complaint provided Defendants adequate notice that the parents were asserting their own rights" even though they were not individually listed as parties in the caption).

This complaint plainly shows New Castle County is an intended defendant. Not only is an entire paragraph dedicated to listing it—not the NCCPD—as a party under the heading "PARTIES," *see* Am. Compl. ¶ 5, but the pleading is also full of references to the County *as a defendant*—including in Count III, where a failure to train and supervise claim is lodged solely against the County, *id.* ¶¶ 44–48. These allegations are more than enough to give adequate notice. *See Kanuszewski*, 927 F.3d at 406 n.4.

But just because the McCarys clearly intended for New Castle County to be a defendant, that does not mean it is properly before this Court. On top of naming a party in the complaint, a plaintiff must serve process on a defendant within 90 days of the

complaint's filing. Fed. R. Civ. P. 4(m).[6] If the plaintiff fails to do so, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Here it is undisputed the McCarys failed to serve the County within the allotted time. *See* Docs. 37–39; Pls.' Opp'n Br. at 7–8. So all that's left for me to decide is whether to dismiss the County or allow additional time for service.

The Third Circuit has outlined a two-part inquiry for these situations. To begin, the Court "must determine whether good cause exists for the failure to have effected service in a timely manner." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). If the plaintiff shows good cause, "the extension must be granted." *Id.* If not, the Court moves on to consider whether to "grant the extension in the sound exercise of its discretion." *Id.* Though neither the rule nor the Third Circuit prescribes a precise formula for deciding when to grant an extension, the Advisory Committee notes on Rule 4(m) "provide[] some guidance as to what factors the district court should consider." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). The non-exhaustive list of factors includes whether "the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* at 1305–06 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment).

To the first prong of the inquiry, the McCarys do not even try to argue good cause here. And I will not try to supply the argument for them. *See Morrissey v. Mayorkas*, 17 F.4th 1150, 1158 (D.C. Cir. 2021) (holding the District Court's failure *sua sponte* to

---

[6] Rule 4 requires a plaintiff to serve the complaint and a summons on each defendant to notify them of the pending lawsuit. *See generally* Fed. R. Civ. P. 4.

identify good cause for a Rule 4(m) extension is not an abuse of discretion).

As to the second part, I will allow the McCarys another 21 days to serve the County. The factors weighing for and against this extension are split. On the one hand, the McCarys are represented by counsel and thus should have been aware of their obligation to serve the County. And there is no evidence that it was evading service. On the other, though, the County appears to have had actual notice of the lawsuit and, it seems, will not be prejudiced by an extension. *See* Defs.' Reply at 5–6; Doc. 49-1. More importantly, the statute of limitations would bar the Plaintiffs' refiling of their claim against the County. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (noting for § 1983 claims that federal courts apply the state's statute of limitations for personal injury); 10 *Del. C.* § 8119 (setting Delaware's personal injury statute of limitations at two years). Though "running of the statute of limitations does not *require* the district court to extend time for service of process," *Petrucelli*, 46 F.3d at 1306 (emphasis added), it tips the balance in favor of extension here.[7]

### B. Officer Cunningham and Officer Simonetti

The McCarys have also brought several claims against Officers Cunningham and Simonetti, the two persons who allegedly spearheaded the May 9 raid. These include excessive force, false arrest, and false imprisonment in violation of § 1983 (Count I), violation of the Fourth Amendment under § 1983 (Count II), assault and battery (Count IV), and intentional infliction of emotional distress (Count VI).[8] The officers urge

---

[7] Because I am dismissing NCCPD, and New Castle County has not yet been served process, I will not address the argument that the McCarys failed to allege sufficiently a claim against the County in Count III of the amended complaint.

[8] They also are suing John Doe officers for assault and battery (Count IV), failure to

dismissal on two grounds. First, they argue the amended complaint falls short of the Rule 8(a)(2) pleading standard. And second, they assert that under Delaware law they are immune from suit for the tort claims.

1. <u>Adequacy of Pleading (Rule 8)</u>

Rule 8 of the Federal Rules of Civil Procedure places "minimal burdens on the plaintiff at the pleading stage." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (internal quotation marks omitted). It requires simply that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "short" statement requirement allows the Court to dismiss an "excessively prolix and overlong complaint," while the "plain" statement prerequisite ensures the pleading "identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (internal quotation marks omitted).

Cunningham and Simonetti contend the McCarys' amended complaint falls short of this pleading standard because they "failed to attribute any conduct alleged in the Amended Complaint to any specific individual." Defs.' Br. at 11. They particularly object to the complaint's repeated references to the "individual defendants" and "defendants" generally without differentiating between them. For example, the complaint alleges that "the named defendants drew guns on the minor plaintiff," and that "[t]he individual defendants demanded that Venus McCary tell them where the alleged drugs were or they would shoot her son." Am. Compl. at 4. It does not mention specific names.

---

intervene (Count V), and intentional infliction of emotional distress (Count VI).

7

The officers, though, exaggerate the vagueness of these allegations. When "reading the allegations sensibly and as a whole, there is no genuine uncertainty regarding who is responsible for what." *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013). The Plaintiffs' 12-page amended complaint lodges claims against only two named individual defendants (Cunningham and Simonetti), one institutional defendant (New Castle County), and unknown John Doe defendants. Based on this limited cast of defendants, when the complaint refers to the "individual defendants" or "named defendants," it is obvious to the reader that it is referring to the two named individuals—Cunningham and Simonetti. The specific personal conduct mentioned—like the threats, handcuffing, or assault—obviously could not be taken by a non-personal entity like the County. And when the complaint intends to include the John Doe defendants, it explicitly refers to them as the "unknown police officers" and "other John Doe officers." Am Compl. ¶¶ 36–37. Though the complaint does not differentiate between Cunningham's and Simonetti's actions, that is because they are accused of acting jointly. *See Engel*, 710 F.3d at 710. The counts at the end of the complaint also state by name which claim is lodged against which defendant, giving adequate notice to each what conduct he is allegedly responsible for. *See* Am. Compl. at 6–10.

This is far from a "shotgun pleading" where a plaintiff "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Compare the McCarys' complaint to the one in *Bartol v. Barrowclough*, where the District Court

8

dismissed a pleading because the plaintiff's 54-page complaint brought 13 counts against "any combination of well over seven distinct defendants." 251 F. Supp. 3d 855, 860 (E.D. Pa. 2017). Not only was it unclear what actions each defendant allegedly took, but (unlike the McCarys' complaint) the plaintiff also failed to define which counts were brought against which specific defendants. *Id.* Similarly, in *Grieveson v. Anderson*, the Seventh Circuit affirmed dismissal under Rule 8 because a "prisoner asserted § 1983 claims against seven different officers arising from seven different attacks without tying any particular officer to any particular injury." *Engel*, 710 F.3d at 710 (citing *Grieveson*, 538 F.3d 763, 777–78 (7th Cir. 2008)).

The McCarys' complaint does not suffer from the type of confusion that pervaded those cases. It presents a straightforward narrative: on a single occasion, Cunningham and Simonetti entered the McCarys' home, threatened them while the John Doe defendants watched, and detained them for more than five hours. So I will not dismiss the claims against the officers on Rule 8 grounds.

2. Immunity from Suit (10 *Del. C.* § 4011)

Some allegations against the officers, though, are deficient. The McCarys have brought three tort claims: assault and battery (Count IV, against Cunningham, Simonetti, and John Doe officers), failure to intervene (Count V, against John Doe officers), and intentional infliction of emotional distress (Count VI, against Cunningham, Simonetti, and John Doe officers). Yet under Delaware's County and Municipal Tort Claims Act (CMTCA), "all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages." 10 *Del. C.* § 4011(a). The Act has

9

one narrow exception: "An employee may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or wilful and malicious intent." *Id.* § 4011(c).  The Defendants seek dismissal of all tort claims based on the CMTCA, Defs.' Br. at 14–17, while the McCarys insist their claims fall under the Act's exception, Pls.' Opp'n at 11–12.

For conduct to fall within the CMTCA's exception, it must satisfy two conditions. First, it must "caus[e] property damage, bodily injury or death." 10 *Del. C.* § 4011(c). And then, only if that condition is satisfied, it must either have been done "not within the scope of employment" *or* "with wanton negligence or wilful and malicious intent." *Id*. The McCarys' allegations, at a minimum, fail to satisfy that first condition. Take Count VI, intentional infliction of emotional distress. The McCarys allege they "sustained severe and significant emotional distress including loss of appetite, inability to sleep, anxiety, depression and post-traumatic stress." Am. Compl. ¶ 55. But Delaware courts have consistently held these types of injuries do not qualify as "bodily injury." *See, e.g.*, *Dickerson v. Phillips*, No. N10C-08-221, 2012 WL 2236709, at *2 (Del. Super. Ct. June 13, 2012) ("It is well-established that allegations of emotional distress do not amount to bodily injury for purposes of the Tort Claims Act."); *McCaffrey v. City of Wilmington*, No. N12C-01138, 2012 WL 3518119, at *3 (Del. Super. Ct. Aug. 9, 2012) (finding defendants immune from suit because of the "absence of any allegation of injury beyond emotional distress"); *King v. McKenna*, No. K15C-03-028, 2015 WL 4040437, at *7 (Del. Super. Ct.

June 29, 2015) (same); *see also Valentin v. Wysock*, No. 1:21-cv-00399-SB, 2022 WL 611061, at *2 (D. Del. Feb. 3, 2022) (finding the plaintiff failed to overcome immunity when she alleged "pain and suffering, embarrassment, loss of reputation, and loss of enjoyment of the value of her home" because mental anguish does not count as "bodily injury" (citing *Wilcher v. Wilmington*, 60 F. Supp. 2d 298, 306–07 (D. Del. 1999)) (internal quotation marks omitted) (alterations adopted)). Because the McCarys' only allegation of injury for Count VI is emotional distress, I will dismiss it with leave to amend.

Count IV for assault and battery is also lacking. In the factual allegations, the McCarys only once mention bodily injury, claiming the police officers "dragged [Matthew] out of bed," "slammed [him] against the floor, and zip tied [him] causing physical injuries to him." Am. Compl. ¶ 34. In the paragraph describing Count IV, they also simply state that the "illegal assault and arrest of plaintiffs constitute[] an assault and battery . . . as a result of which plaintiffs were physically injured as well as sustaining severe and significant emotional distress." *Id.* ¶ 50. As explained above, allegations of emotional distress cannot overcome immunity. And these allegations of "physical injury" are far too conclusory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Nowhere do the Plaintiffs describe what "physical injuries" they suffered, if any.[9] *See Valentin*, 2022 WL 611061, at *2 (holding that the plaintiff's allegation that she suffered "bodily injury" when the police officer handcuffed her was too conclusory to overcome immunity). But because the McCarys may be able to cure this inadequate pleading with specific allegations of

---

[9] Though their complaint alleges the officers' search caused property damage, *see* Am. Compl. ¶¶ 30, 33, none of the tort claims are tied to that alleged injury.

11

bodily injury, I will dismiss Count IV without prejudice and with leave to amend.

Finally, I will *sua sponte* dismiss with leave to amend Count V against the John Doe defendants, who are also allegedly employees of County. This failure-to-intervene count contains no allegations that the John Doe officers *caused* bodily injury, much less that they acted outside their "scope of employment" or with "wanton negligence or wilful and malicious intent." 10 *Del. C.* § 4011(c). So, unless the complaint is amended adequately, these defendants are entitled to immunity.

*   *   *

For all these reasons, I will dismiss NCCPD as a defendant. I will also dismiss Counts IV, V, and VI with leave to amend. The motion to dismiss will be denied for the remaining counts. The Plaintiffs have 21 days to serve New Castle County and to file an amended complaint if they wish.