**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAMERON C. MCCARY, VENUS MCCARY, MATTHEW MCCARY, and SAMANTHA MCCARY<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER B. CUNNINGHAM, OFFICER M. SIMONETTI,<br><br>Defendants, | : | C.A. No.: 1:21-cv-00667-RGA |

**JOINT [PROPOSED] PRELIMINARY JURY INSTRUCTIONS**

**THE POLIQUIN FIRM LLC**

*/s/ DRAFT*

Ronald G. Poliquin, Esq. (# 4447)
1475 S. Governor's Ave.
Dover, DE 19904
(302) 702-5501
ron@poliquinfirm.com

*Counsel for Plaintiff*

**NEW CASTLE COUNTY OFFICE OF LAW**

*/s/ DRAFT*

Michael F. McTaggart (# 2682)
Helene Episcopo (# 6406)
Maria Knoll (#3425)
87 Reads Way
New Castle, DE 19720
(302) 395-5130

*Counsel for Defendant*

# TABLE OF CONTENTS


CAMERON C. MCCARY, VENUS : .......... 2

MCCARY, MATTHEW : .......... 2

MCCARY, and : .......... 2

SAMANTHA MCCARY : .......... 2

I. INTRODUCTION .......... 4

II. OVERVIEW OF THE CASE .......... 5

III. DUTY OF THE JURY .......... 7

IV. EVIDENCE .......... 8

V. CREDIBILITY OF WITNESSES .......... 10

VI. BURDEN OF PROOF .......... 12

VII. CONDUCT OF THE JURY .......... 14

VIII. BENCH CONFERENCES .......... 19

IX. TRIAL SCHEDULE .......... 20

## I. INTRODUCTION

Members of the jury:

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

## II. OVERVIEW OF THE CASE

At this time, I will give you a brief overview of who the parties are and their roles in this case.

The Plaintiffs are Cameron C. McCary, Venus McCary, Matthew McCary and Samantha McCary.

The Defendants are Sergeant Bancroft Cunningham and Officer Mark Simonetti, current police officers for the New Castle County Police Department. The New Castle County Police Department (NCCPD) is the law enforcement agency for unincorporated areas of New Castle County, Delaware.

In this case the Plaintiffs are bringing claims under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

The Plaintiffs allege Defendants used excessive force, unlawfully detained them, and violated their Fourth Amendment rights, including pointing firearms at compliant, unarmed occupants, threatening to shoot Plaintiffs, forcibly dragging and throwing Plaintiff Venus McCary causing injury, and tightly handcuffing a minor, Samantha McCary. Plaintiffs also assert state-law claims for assault and intentional infliction of emotional distress on behalf of Venus McCary. Defendants deny liability on all claims, contend that Plaintiffs' allegations are directly refuted by the police body camera footage, and further contend that police conduct was objectively reasonable during the search warrant execution, assert qualified immunity and

immunity under Delaware law, and further deny that any of the Plaintiffs suffered any injuries from the detention or handcuffing in this case.

**Defendants propose the following language which is more general and non-argumentative:**

In this case, Plaintiffs Cameron McCary, Matthew McCary, Samantha McCary, and Venus McCary have brought civil rights claims against Sergeant Bancroft Cunningham and Officer Mark Simonetti of the New Castle County Police Department. Plaintiffs allege that the County Officers used excessive force during the execution of a search warrant at their residence. Plaintiffs also allege that the Officers Cunningham and Simonetti obtained and executed a search warrant that was not supported by probable cause. In addition, Plaintiff Venus McCary has brought Delaware tort claims of assault and intentional infliction of emotional distress against both County Officers. Defendant County Officers deny all of the claims raised by the Plaintiffs. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiffs must prove to make their case.

## III. DUTY OF THE JURY

It will be your duty to find from the evidence as presented at the trial what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts as you find them to the law. I will instruct you on the law in more detail after all the evidence has been presented. You must follow the law and my instructions whether you agree with them or not.

It is important that you perform these duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

## IV. EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and other things admitted into evidence as exhibits. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you. Certain things are not evidence. They include the following:

1. Statements, arguments, and questions by lawyers are not evidence.
2. Objections to questions are not evidence.
3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside the courtroom.

**Defendants propose the following language which is directly from the Third Circuit Model Preliminary Instruction -Evidence-1.5:**

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side

thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

## V. CREDIBILITY OF WITNESSES

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence could affect the credibility of the testimony. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses. I will give you some additional guidelines for determining the credibility of witnesses at the end of the case.

**Defendants object to this Instruction which differs from Third Circuit Court of Appeals Model Instruction-Preliminary Instruction-Credibility of Witnesses:**

**1.7 Preliminary Instructions — Credibility of Witnesses**

**Model**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## VI. BURDEN OF PROOF

This is a civil case. The Plaintiffs, Cameron C. McCary. Venus McCary, Matthew McCary and Samantha McCary, are the parties who brought this lawsuit. The Defendants are Sergeant Bancroft Cunningham and Officer Mark Simonetti. Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means the Plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not. To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to the Defendants on opposite sides of the scales, the Plaintiffs would have to make the scales tip somewhat on their side. If Plaintiffs Cameron C. McCary, Venus McCary, Matthew McCary, and Samantha McCary fail to meet this burden, the verdict must be for the Defendants Sergeant Bancroft Cunningham and Officer Mark Simonetti. If you find after considering all the evidence that a claim or fact is more likely so than not, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in

civil cases such as this. So you should put it out of your mind.

## VII. CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even amongyourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate.During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case. In other words, you shouldnot consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch orlisten to the report. It is important that you decide this case based solely on the evidence presentedin the courtroom. Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones or other smartphones, iPads

or other tablets, and any other forms of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cellphone or smartphone, through e-mail, your tablet, text messaging, through any blog or website, through anyinternet chat room, or by way of any other social networking websites, including but not limited to Facebook, Twitter, Instagram, LinkedIn, and YouTube.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes in the notebooks provided to you. If you do take notes, leave them in the jury room when you leave at night. Remember that these notebooks are for yourown personal use—they are not to be given or read to anyone else. A word of caution is in order.There is generally a tendency to attach undue importance to matters which one has written down.Some testimony that is considered unimportant at the time presented and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, youare instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. You should not assume that the transcripts of this testimony will be available for your review during your deliberations. I do not suggest that you look to your note taking as a substitute for that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberation.

**Defendants object to this instruction and instead submit Third Circuit Model Pattern Instruction -Preliminary Instructions-Conduct of the Jury-1.3 and Third Circuit Model Pattern Instruction-Preliminary Instructions-Note Taking By Jurors-1.9**

**1.3 Preliminary Instructions — Conduct of the Jury**

**Model**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or

portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as X], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, Instagram, LinkedIn, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

## 1.9 Preliminary Instructions — Note-Taking By Jurors

**Model**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to

the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1. Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2. Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4. Do not take your notes away from court. I repeat, at the end of each day, please leave your notes in the jury room.

## VIII. BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your hearing byhaving a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctlyunder the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are conferring at the bench, you should feel free to do so.

I may not always grant an attorney's request for a bench conference. Do not consider anygranting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

## IX. TRIAL SCHEDULE

Though you have heard this before, I want to again outline the schedule I will maintain during the course of this trial.

As mentioned previously, once trial begins, this case is expected to take up to three business days to try, between now and December 10, 2025.

The trial will normally begin each day at 9:00 A.M. will go until around 12:30 P.M., whenthere will be about a forty-five-minute break for lunch before continuing until 4:30 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions if I need to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

This is a timed trial. That means that I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that the case is expected to be completed by Wednesday.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.

## X. DESCRIPTION OF TRIAL PROCEEDINGS

The trial will proceed in the following manner:

First, attorney(s) for the Plaintiff will make an opening statement to you. Next, attorney(s) for Defendants may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

Before the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Plaintiffs go first because they have the burden of proof. They will present witnesses whom counsel for the Defendants may cross-examine, and Plaintiffs will also present evidence. Following Plaintiffs' case, Defendants may present evidence. Counsel for Plaintiffs may cross-examine witnesses for the defense. After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law. After that you will retire to the jury

room to deliberate on your verdict in this case.

**Defendants request the following additional Third Circuit Model Jury Preliminary Instruction.**

1.6 Preliminary Instructions – Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called “direct evidence.” An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.