**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VENUS McCARY, MATTHEW MCCARY, and SAMANTHA MCCARY | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No.: 1:21-cv-00667-RGA |
| OFFICER B. CUNNINGHAM, OFFICER M. SIMONETTI, | : | |
| Defendants, | : | |

# PRELIMINARY JURY INSTRUCTIONS

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. OVERVIEW OF THE CASE .......... 2

III. DUTY OF THE JURY .......... 3

IV. EVIDENCE .......... 4

V. CREDIBILITY OF WITNESSES .......... 7

VI. BURDEN OF PROOF .......... 8

VII. CONDUCT OF THE JURY .......... 9

VIII. BENCH CONFERENCES .......... 11

IX. TRIAL SCHEDULE .......... 12

X. DESCRIPTION OF TRIAL PROCEEDINGS .......... 13

## I. INTRODUCTION

Members of the jury:

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

## II. OVERVIEW OF THE CASE

At this time, I will give you a brief overview of who the parties are and their roles in this case.

The Plaintiffs are Venus McCary, Matthew McCary and Samantha McCary.

The Defendants are Sergeant Bancroft Cunningham and Officer Mark Simonetti, police officers for the New Castle County Police Department. The New Castle County Police Department is the law enforcement agency for unincorporated areas of New Castle County, Delaware.

In this case, Plaintiffs are bringing claims under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

Plaintiff Venus McCary alleges Defendant Simonetti used excessive force, and violated her Fourth Amendment rights, forcibly dragging and throwing her and causing injury. Plaintiff Venus McCary also asserts state-law claims for assault and intentional infliction of emotional distress. All three Plaintiffs assert that both Defendants violated their Fourth Amendment rights by unlawfully detaining Plaintiffs in their residence. Defendants deny liability on all claims. They contend that they acted reasonably under the law while executing a search warrant for drugs, assert immunity under Delaware law, and further deny that any of the Plaintiffs suffered any injuries from the detention or handcuffing in this case.

## III. DUTY OF THE JURY

It will be your duty to find from the evidence presented at the trial what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts as you find them to the law. I will instruct you on the law in more detail after all the evidence has been presented. You must follow the law and my instructions whether you agree with them or not.

It is important that you perform these duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

## IV. EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and videos admitted into evidence as exhibits. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence. They include the following:

1. Statements, arguments, and questions by lawyers.
2. Objections to questions.
3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule

of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

It is possible that some testimony may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, that would be direct evidence that it was raining.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If a witness testified that she saw someone walk into a house wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be

circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## V. CREDIBILITY OF WITNESSES

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence could affect the credibility of the testimony. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

## VI. BURDEN OF PROOF

This is a civil case. Plaintiffs Venus McCary, Matthew McCary and Samantha McCary, are the parties who brought this lawsuit. The Defendants are Sergeant Bancroft Cunningham and Officer Mark Simonetti. Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means the Plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not. To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to the Defendants on opposite sides of the scales, the Plaintiffs would have to make the scales tip somewhat on their side. If Plaintiffs Venus McCary, Matthew McCary, and Samantha McCary fail to meet this burden, the verdict must be for the Defendants Sergeant Bancroft Cunningham and Officer Mark Simonetti. If you find after considering all the evidence that a claim or fact is more likely so than not, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## VII. CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. Do not use technology such as smartphones, e-mail, text messaging or any social networking websites to talk to anyone about this case. This includes your family and friends. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. It is important that you decide this case based solely on the evidence presented in the courtroom. Please do not try to find out information from any other sources.

Fourth, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Fifth, if you wish, you may take notes in the notebooks provided to you. If you do take notes, leave them in the jury room when you leave at night. Remember that these notebooks are for your own personal use—they are not to be given or read to anyone else. A word of caution is in order. There is generally a tendency to attach undue importance to matters which one has written down. Some testimony that is considered unimportant at the time presented and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. You should not assume that the transcripts of this testimony will be available for your review during your deliberations. I do not suggest that you look to your note taking as a substitute for that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations.

## VIII. BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your hearing byhaving a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctlyunder the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are conferring at the bench, you should feel free to do so.

I may not always grant an attorney's request for a bench conference. Do not consider anygranting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

## IX. TRIAL SCHEDULE

As mentioned previously, the testimony in this case should end no later than Wednesday of this week.

The trial will normally begin each day at 9:30 A.M. and will go until around 1:00 P.M., when there will be about a forty-five-minute break for lunch before continuing until 5:00 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

This is a timed trial. That means that I have given each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that the testimony is expected to be completed by Wednesday.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.

## X. DESCRIPTION OF TRIAL PROCEEDINGS

The trial will proceed in the following manner:

First, an attorney for Plaintiffs will make an opening statement to you. Next, an attorney for Defendants may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

Second, Plaintiffs present witnesses whom counsel for the Defendants may cross-examine. Following Plaintiffs' case, Defendants may present evidence. Counsel for Plaintiffs may cross-examine witnesses for the defense.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. After that you will retire to the jury room to deliberate on your verdict in this case.