IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMERON C. MCCARY, VENUS MCCARY, MATTHEW MCCARY, SAMANTHA MCCARY,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER B. CUNNINGHAM, OFFICER M. SIMONETTI, JOHN DOE POLICE OFFICERS, and NEW CASTLE COUNTY<br><br>Defendants. | Civil Action No. 21-667-RGA |

## MEMORANDUM ORDER

Before me is Plaintiffs' Motion for Sanctions. (D.I. 166). I have considered the parties' briefing. (D.I. 166, D.I. 167). For the reasons set forth below, this motion is GRANTED IN PART and DENIED IN PART.

During discovery, Plaintiffs requested all available body worn camera (BWC) footage from officers who had participated in the May 9, 2019 search of Plaintiffs' residence. (D.I. 166 at ¶ 2). Defendants produced five BWC videos. Four of these videos are approximately five minutes in length and one is approximately nineteen minutes in length. On December 3, 2025, Defendants informed Plaintiffs that Defendants had discovered the existence of an additional piece of BWC footage, eight minutes in length, that had inadvertently not been turned over to Plaintiffs. (*Id.* at ¶ 7). This BWC footage had been incorrectly logged by the officer who took it as "Felony Investigation (non CIU)" instead of the assigned police complaint number for this case. (D.I. 167-1 at ¶ 3). BWC footage logged in the "Felony Investigation (non CIU)" category is permanently deleted after six years; as more than six years have passed since the date of the

1

Case 1:21-cv-00667-RGA   Document 171   Filed 12/09/25   Page 2 of 4 PageID #: 1593

search, the BWC footage in question is no longer available. (*Id.*). All other pieces of BWC footage taken during the May 9, 2019 search that were associated with the assigned police complaint number had been produced to Plaintiffs pursuant to their subpoena. (*Id.* at ¶ 5).

Plaintiffs now seek sanctions and an adverse inference instruction to the jury regarding the missing BWC footage under Rule 37(e).[1] Specifically, Plaintiffs request: (a) a finding that Defendants are responsible for spoliation of BWC evidence and concomitant sanctions, (b) a jury instruction that jury members may draw an adverse inference that the destroyed BWC footage would have been unfavorable to Defendants, (c) an instruction to Defendants preventing Defendants from suggesting at trial that no additional BWC footage existed beyond what was produced, and (d) an award of attorneys' fees as sanctions and any other sanctions the Court deems necessary. (D.I. 166 at ¶¶ (a)-(d)).

I will not grant Plaintiffs' request for (a), (b), and (d). In determining what sanctions to issue, I am to consider "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending

---

[1] Rule 37(e) reads as follows:
(e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
    (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
    (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
        (A) presume that the lost information was unfavorable to the party;
        (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
        (C) dismiss the action or enter a default judgment.
Fed. R. Civ. P. 37(e).

party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).[2] After considering these factors, I think that imposing Plaintiffs' requested sanctions would be inappropriate.

First, there is no indication that Defendants' failure to produce the BWC footage and its subsequent destruction was intentional. All signs suggest that this failure was accidental and caused by, at worst, the negligence of the officer who had misfiled his BWC footage. (D.I. 167 at ¶ 4). Second, neither the officer, who took the BWC footage, New Castle County, which is the custodian of the footage, nor Axon, the third-party vendor to whose systems the BWC footage was saved, are parties to the case. (D.I. 167 at ¶ 8). Insofar as anybody is at fault for the inadvertent destruction of the footage, there is certainly no indication that Defendants should be held responsible, given that this was an unintentional deletion of BWC footage by a third-party. Therefore, I find absolutely no reason to grant sanctions under Rule 37(e)(2), which requires a finding "that the party acted with the intent to deprive another party of the information's use in litigation." Fed. R. Civ. P. 37(e)(2).

Finally, Plaintiffs are unable to point to any prejudice that they suffered as a result of the deletion of the BWC footage in question. "When a party moving for spoliation sanctions cannot offer 'plausible, concrete suggestions as to what [the lost] evidence might have been,' there should be no finding of prejudice." *GN Netcom*, 930 F.3d at 83 (3d Cir. 2019) (quoting *Schmid*, 13 F.3d at 80) (brackets in original). At the pre-trial conference, Plaintiffs' counsel repeatedly represented that he had no idea of what might have been on the missing BWC footage. Furthermore, the officer who took the BWC footage has submitted a sworn statement noting that

---

[2] *Schmid* predates Rule 37(e). Nevertheless, as the Third Circuit notes, these *Schmid* factors "are [those] district courts must consider when contemplating Rule 37 sanctions." *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019).

he was visible in other BWC footage "for an extended period of time." (D.I. 167-2 at ¶ 3). The longest BWC footage produced in this case runs for approximately nineteen minutes and would have covered the eight minutes that the deleted BWC footage would have recorded. (D.I. 167 at ¶ 10). Therefore, I do not think that the inadvertent deletion of this BWC footage resulted in any prejudice to Plaintiffs. There is no reason to grant sanctions under Rule 37(e)(1), which specifically requires a "finding [of] prejudice." Fed. R. Civ. P. 37(e)(1). I decline to grant Plaintiffs the request they seek as to (a), (b), and (d).

Plaintiffs' request for (c) is reasonable and serves as "a lesser sanction that will avoid substantial unfairness" to Plaintiffs. *Schmid*, 13 F.3d at 79. Indeed, at the pretrial conference on December 4, 2025, Defendants agreed that they would not claim at trial that the five BWC videos produced in this case constituted the complete set of BWC footage taken during the search. I expect Defendants to adhere to their agreement and make no suggestion during trial that the five BWC videos produced in this case form the complete record of BWC footage taken during the search.

IT IS SO ORDERED.

Entered this 9th day of December, 2025

_____
United States District Judge