**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VENUS MCCARY, MATTHEW MCCARY, SAMANTHA MCCARY, Plaintiffs, | : | |
| v. | : | C.A. No.: 1:21-cv-00667-RGA |
| OFFICER B. CUNNINGHAM, OFFICER M. SIMONETTI, Defendants, | : | |

## FINAL JURY INSTRUCTIONS

# TABLE OF CONTENTS


1. INTRODUCTION ........................................................................ 1

2. BURDEN OF PROOF: Preponderance of the Evidence ............................. 2

3. SECTION 1983 Generally ............................................................... 3

   3.1 SECTION 1983 – Elements of a Claim ........................................ 4

   3.2 SECTION 1983 -- Action Under Color of State Law is not in Dispute ..... 5

   3.3 SECTION 1983 – Deprivation of a Federal Right ............................ 6

   3.4 SECTION 1983 – Excessive Force ................................................ 7

   3.5 SECTION 1983 – Unlawful Detention ........................................... ..9

4. Assault ........................................................................................ 11

5. Intentional Infliction of Emotional Distress ......................................... 12

6. County and Municipal Tort Immunity ................................................. 13

7. No Other Claims ...............................................................................14

8. Compensatory Damages .................................................................... 15

9. Nominal Damages ............................................................................. 16

10. Punitive Damages ............................................................................ 17

11. Multiple Claims: Multiple Plaintiffs/Defendants .................................... 19

12. FINAL DELIBERATIONS .................................................................. 20

## 1. **INTRODUCTION**

Members of the jury, I will now give you the final jury instructions. You should also have my preliminary instructions, and you should use both sets of instructions in your deliberations.

I will explain the law you will apply in this case. I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen carefully to everything I have to say.

## 2. <u>BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE</u>

I want to remind you that Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means Plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not. If you find after considering all the evidence that a claim or fact is more likely so than not, then the claim or fact has been proved by a preponderance of the evidence.

**3. SECTION 1983 GENERALLY**

Plaintiffs are suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal rights under color of state law.

**3.1 SECTION 1983 – ELEMENTS OF A CLAIM**

Plaintiffs must prove both of the following elements of a Section 1983 claim by a preponderance of the evidence:

First: Defendants Sergeant Cunningham and Officer Simonetti acted under color of state law.

Second: While acting under color of state law, Defendants Sergeant Cunningham and Officer Simonetti deprived Plaintiffs of a federal constitutional right.

## 3.2 **<u>SECTION 1983 – ACTION UNDER COLOR OF STATE LAW IS NOT IN DISPUTE</u>**

Because Defendants were police officers of the New Castle County Police Department, I instruct you that they were acting under color of state law. In other words, this element of Plaintiffs' claim is not in dispute, and you must find that this element has been established.

## 3.3. **SECTION 1983 – DEPRIVATION OF A FEDERAL RIGHT**

The second element of Plaintiffs' claims is that Defendants deprived them of a federal constitutional right.

## 3.4 SECTION 1983 – EXCESSIVE FORCE

The only excessive force claim in this case is by Venus McCary against Officer Simonetti. You are not being asked to consider whether excessive force may have been used by Sergeant Cunningham against any of the plaintiffs or whether excessive force may have been used by Officer Simonetti against Matthew McCary or Samantha McCary.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested, stopped, or detained by police. In this case, Plaintiff Venus McCary claims that Officer Simonetti violated her Fourth Amendment rights by using excessive force against her.

In order to establish that Officer Simonetti used excessive force, Venus McCary must prove both of the following by a preponderance of the evidence:

First: Officer Simonetti intentionally committed certain acts.

Second: Those acts violated Venus McCary's Fourth Amendment right not to be subjected to excessive force.

In determining whether Officer Simonetti's intentional acts constituted excessive force, you must ask whether the amount of force used was the amount which a reasonable officer would have used in conducting the detention under similar circumstances. You should consider all the relevant facts and circumstances leading up to the time of the detention that Officer Simonetti then reasonably believed to be true. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment may include, but are not limited to:

- the severity of the crime at issue;

- whether Venus McCary posed an immediate threat to the safety of Officer Simonetti or other police officers;
- the possibility that Venus McCary was armed;
- the possibility that other persons subject to the police action were violent or dangerous;
- whether Venus McCary was actively resisting arrest or attempting to evade by flight;
- the duration of Officer Simonetti's actions;
- the number of persons with whom Officer Simonetti had to contend; and
- whether the physical force applied was of such an extent as to lead to unnecessary injury.

The reasonableness of Officer Simonetti's acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to achieve legitimate law enforcement objectives, but not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

## 3.5 SECTION 1983 – UNLAWFUL DETENTION

In this case, all three plaintiffs are bringing unlawful detention claims against both defendants.

In general, a law enforcement officer may detain an occupant of a home during a search of that home authorized by a search warrant so long as the officer detains the persons in a reasonable manner and for a reasonable length of time. Here, Defendants were authorized to enter Plaintiffs' residence and detain Plaintiffs in a reasonable manner for a reasonable length of time because Defendants were executing a legally valid Court-approved search warrant.

To prove the detention in this case was unreasonable, Plaintiffs must prove by a preponderance of the evidence that they were detained in an unreasonable manner or for an unreasonable period of time after the search was completed, or both.

In determining whether Defendants detained Plaintiffs unreasonably in this case, consider all of the circumstances known to Defendants on the scene, including but not limited to:

(1) the severity of the suspected crime or other circumstances that led to the search warrant;

(2) whether Plaintiffs were the subject of the investigation that led to the search warrant;

(3) whether Plaintiffs posed an immediate threat to the safety of Defendants or to others or to the ability of Defendants to conduct the search safely;

(4) whether Plaintiffs were actively resisting or attempting to flee;

(5) whether the detention of Plaintiffs was unnecessarily painful, degrading, prolonged, or involved an undue invasion of privacy;

(6) whether the detention of Plaintiffs facilitated the orderly completion of the search or was done to facilitate the orderly completion of the search;

(7) whether Defendants concluded the detention of Plaintiffs at the conclusion of the search of the residence;

(8) whether the detention of Plaintiffs served to minimize risk of harm to Defendants and other officers.

Under the Fourth Amendment, an officer may use only such force to detain a person as is "objectively reasonable" under the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

**4. <u>ASSAULT</u>**

The only assault claim in this case is brought by Venus McCary against Officer Simonetti. You are not being asked to consider whether assault may have been committed by Sergeant Cunningham against any of the plaintiffs or whether assault may have been committed by Officer Simonetti against Matthew McCary or Samantha McCary.

In order to find Officer Simonetti liable for assault, you must find that Officer Simonetti intentionally, and without Venus McCary's consent, caused Venus McCary to be in fear of an imminent harmful or offensive contact. It is not necessary for any actual contact to have been made between the parties.

## 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The only intentional infliction of emotional distress claim in this case is brought by Venus McCary against Officer Simonetti. You are not being asked to consider whether intentional infliction of emotional distress may have been committed by Sergeant Cunningham against any of the plaintiffs or whether intentional infliction of emotional distress may have been committed by Officer Simonetti against Matthew McCary or Samantha McCary.

If a person intentionally or recklessly causes severe emotional distress to another by extreme and outrageous conduct, that person is liable for the emotional distress and for any bodily harm that results from the distress.

Extreme and outrageous conduct goes beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community. Emotional distress includes all highly unpleasant mental reactions, including fright, horror, grief, shame, embarrassment, anger, disappointment, and worry. Severe emotional distress is so extreme that no reasonable person could be expected to endure it.

Liability for severe emotional distress does not extend to mere insults, indignities, threats, petty oppressions, or other trivialities. The law will intervene only where the distress is so severe that no reasonable person could be expected to endure it.

In order to find Officer Simonetti liable for intentional infliction of emotional distress, you must find that Officer Simonetti's conduct was outrageous and extreme and that this conduct caused Venus McCary to suffer severe emotional distress.

## 6. COUNTY AND MUNICIPAL TORT IMMUNITY

The following instruction only applies to Venus McCary's assault and intentional infliction of emotional distress claims against Officer Simonetti and not to any of Plaintiffs' claims pursuant to Section 1983.

Delaware law provides that no damages may be recovered against the employee of a governmental agency if the claim arose because of the performance of an official duty that was conducted in good faith for the benefit of the public. This is known as sovereign immunity. There is an exception to this rule, however, if the public officer or employee acted outside the scope of employment or with gross or wanton negligence. Gross or wanton negligence refers to conduct of such a nature or degree that it constitutes a gross deviation from what a reasonable, ordinary person would do in the same situation.

For Venus McCary's assault and intentional infliction of emotional distress claims to fall within this exception to sovereign immunity, Plaintiff Venus McCary must prove that Officer Simonetti acted outside the scope of his employment or with gross or wanton negligence.

If you do not find Venus McCary's claims to fall within this exception, then you must not find Officer Simonetti liable for assault or for intentional infliction of emotional distress.

## 7. NO OTHER CLAIMS

There are no other claims other than the four claims that I have described in this case. You are only being asked to determine liability on the claims in this case, which are:

(1) A Section 1983 excessive force claim by Venus McCary against Officer Simonetti.

(2) Section 1983 unlawful detention claims by all three Plaintiffs against both Defendants.

(3) An assault claim by Venus McCary against Officer Simonetti.

(4) An intentional infliction of emotional distress claim by Venus McCary against Officer Simonetti.

**8. COMPENSATORY DAMAGES**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether Defendants should be held liable.

If you find Defendants liable, then you must consider the issue of compensatory damages. You must award Plaintiffs an amount that will fairly compensate them for any injury they actually sustained as a result of Defendants' conduct.

Plaintiffs must show that the injury would not have occurred without Defendants' conduct. Plaintiffs must also show that Defendants' conduct played a substantial part in bringing about the injury and that the injury was either a direct result or a reasonably probable consequence of Defendants' conduct.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial and only on that evidence. Plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiffs claim the following items of damages:

- Physical harm to Plaintiffs during and after the events at issue, including ill health, physical pain, or discomfort. In assessing such harm, you should consider the nature and severity of the injury and whether the injury is temporary or permanent.
- Emotional and mental harm to Plaintiffs during and after the events at issue, including fear, humiliation, and mental anguish.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**9. NOMINAL DAMAGES**

If you return a verdict for Plaintiffs, but Plaintiffs have failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if they suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

**10. PUNITIVE DAMAGES**

In addition to compensatory or nominal damages, you may consider awarding Plaintiffs punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that Defendants acted maliciously or wantonly in violating Plaintiffs' federally protected rights. In this case, there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly in relation to each plaintiff.

- A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A conscious desire to perform the physical acts that caused the plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure the plaintiff unlawfully.
- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that a defendant acted maliciously or wantonly in violating a plaintiff's federal rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

If you award punitive damages, you should consider that the purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both.

You should consider whether actual damages standing alone are sufficient to deter or prevent Defendants from performing any wrongful acts they may have performed again. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those the defendants may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award.

Bear in mind that when considering whether to use punitive damages to punish a defendant, you should only punish a defendant for harming a plaintiff, and not for harming people other than a plaintiff.

**11. MULTIPLE CLAIMS – MULTIPLE PLAINTIFFS/DEFENDANTS**

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is liable. Although there are three plaintiffs, it does not follow that if one is successful, the others are too.

In considering a claim against a defendant, you must not consider evidence admitted only against a different defendant.

## 12. FINAL DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdict.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is the juror seated in the first seat, first row.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without superseding your ultimate, individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinions, if convinced they are erroneous. But do not surrender your honest conviction as to the weight or effect of evidence

solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A verdict form has been prepared for you. The verdict form asks you a series of questions about the parties' claims. Unless you are directed otherwise in the form of the verdict, you must answer all of the questions posed, and you must agree on each answer. When you have reached a unanimous agreement as to your verdict, you will return your verdict to the courtroom deputy.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. Determining what the verdict shall be is your sole and exclusive duty and responsibility.

Now that all the evidence is in and arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what other jurors have to say, and then decide for yourself.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cellphone, tablet or computer; the Internet; any text or instant messaging service; or social networking platforms, including X/Twitter, Snapchat, Instagram, Facebook, TikTok, LinkedIn, WhatsApp, YouTube, or the like, to communicate to anyone any information about this case. You must also not conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone on the phone, correspond with anyone, electronically communicate with anyone, or research anything about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourself based on the evidence presented.